FIGUEROA & GAUTIER, demandante y apelante, *v.* MANUEL V. DOMENECH, hoy R. SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 7457.—*Resuelto:* Noviembre 18, 1938.

*Emilio S. Belaval* y *Clemente Ruiz Nazario,* abogados de la apelante; *Hon. Procurador General B. Fernández García* y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

EN MOCION DE RECONSIDERACION

La apelante interesa que reconsideremos la sentencia dictada en este caso (ante, pág. 736). La argumentación de la apelante gira alrededor de la interpretación que según ella debe darse a la sección 4 de la Ley número 85 de 1925 (pág. 585), según fué enmendada por la número 83 de 1931 (Leyes de ese año, pág. 505). Insiste en que al calcular el impuesto sobre una venta al por mayor la frase *"en ningún caso deberá aceptarse como precio de venta para los fines de la contribución un precio menor que aquél que se pague corrientemente en el mercado de Puerto Rico por artículos similares"* debe interpretarse como que se refiere al precio que corrientemente pagan los traficantes al detalle por el artículo o artículos similares, y que cuando de imponer la contribución sobre una venta al detalle se trate, la misma frase significará el precio que corrientemente paga en el mercado el consumidor.

■■ La sección 4, antes de ser enmendada en 1931, decía así:

"Sección 4.—*Definición de la frase 'ad valorem'.* A los efectos de esta Ley la frase *ad valorem* se interpretará como significativa del costo del artículo una vez en poder de la persona, más un beneficio razonable que se estimará en un diez (10) por ciento sobre dicho costo, si la persona no probare a satisfacción del Tesorero de Puerto Rico que el beneficio que obtiene de dichos artículos es inferior a dicho por ciento; *Disponiéndose,* que la palabra 'persona' según se emplea en esta Sección tendrá la significación dádale en la Sección 5 de esta Ley." (Leyes de 1925, pág. 585.)

La intención del legislador manifestada en el precepto transcrito era que al calcular el valor del artículo a los efectos de imponer el arbitrio se tomase por base el costo más

un beneficio que en ningún caso excedería de un 10 por ciento del costo, pudiendo ser menos de dicho 10 por ciento cuando el contribuyente probare a satisfacción del Tesorero que el beneficio obtenido había sido menor. No se tomaba entonces el precio del mercado como base para determinar el montante del impuesto. Un comerciante poco escrupuloso podía simular un precio de costo más bajo del verdadero y de ese modo perjudicaría al Tesoro disminuyendo a su antojo el impuesto, a menos que el Tesorero pudiese descubrir y probar el fraude.

Luego, por la Ley número 17, de 3 de junio de 1927 (Leyes de ese año, pág. 459), la sección 4 antes transcrita fué enmendada de modo que decía así:

"Sección 4.—*Significado de la frase 'ad valorem.'* Para los fines de esta ley, la frase *ad valorem* se interpretará como significativa del precio exacto del artículo en el mercado de Puerto Rico en el momento de su venta, uso, consumo o introducción en Puerto Rico, según que el impuesto se cobre en el momento de la venta, uso, consumo o introducción."

Más tarde, en 1931, volvió a enmendarse dicha sección en la forma que actualmente rige, a saber:

"Sección 4.—*Definición de la frase 'precio de venta.'* Para los efectos del cobro y del pago de las contribuciones que por la presente se prescriben, la frase 'precio de venta' en todos los casos deberá interpretarse como significativa:

"(a) En el caso de la venta de artículos al por mayor, el precio exacto a que se venda el artículo o mercancía que esté sujeto a la contribución.

"(b) En el caso de la venta de artículos al detalle o a precio por unidad, el precio exacto a que fuere vendido el artículo o mercancía sujeto a la contribución.

"            .      .      .      .      .      .      .      .      .      ."

Los incisos *a* y *b* establecen la misma base para calcular el impuesto sobre las ventas al por mayor y al detalle. En unas y otras la medida es el precio exacto a que fuere vendido el artículo. Pero previendo el caso de que el contri-

buyente informara como precio de venta uno inferior al corriente en el mercado, el legislador, para salvar esa situación, después del inciso *c* (que no se refiere a ventas) dispone:

"*En ningún caso deberá aceptarse como el precio de venta,* para los fines de la contribución, *un precio menor que aquél que se pague corrientemente en el mercado de Puerto Rico por artículos similares* en el momento que el artículo o mercancía tributable sea vendido, traspasado, usado, consumido, manufacturado o introducido en Puerto Rico."

Bien pudo el legislador establecer aquí la diferencia por que aboga la apelante, a favor de los traficantes al por mayor, diferencia que no sólo no establece, sino que cierra la. puerta a cualquier interpretación en ese sentido, usando un lenguaje tan amplio como pudo usar, volviendo a colocar en el mismo plano a las dos clases de traficantes. Y como si temiese ser mal interpretado, ratifica de nuevo su propósito de establecer una sola medida para calcular el impuesto al repetir en los dos párrafos finales de la ameritada sección lo siguiente:

"*El precio de venta tal cual se define en esta Ley* será aplicable *a todos los artículos y mercancías sujetos a contribución,* bien sean éstos destinados a la venta, uso, traspaso, o consumo, o sean introducidos o manufacturados en Puerto Rico.

"La frase *ad valorem* para los fines de esta Ley y en otras leyes vigentes que fijen una contribución de arbitrios o de venta, se interpretará que significa el 'precio de venta' del artículo o mercancía, *según se define en esta sección.*" (Bastardillas nuestras.)

No debe existir duda alguna de que el propósito del legislador es no establecer diferencia entre el impuesto que debe pagar una y otra clase de traficantes, evidenciando así su propósito de que el precio que finalmente paga el consumidor, es decir, el precio corriente en el mercado de Puerto Rico, sea el que sirva de base para la imposición del arbitrio, asegurando así mayores ingresos al Tesoro.

■ Convenimos con la apelante en que las leyes que imponen una contribución deben ser interpretadas a favor del contribuyente, pero esta regla debe armonizarse con otra tan bien establecida como ella y que dispone que las leyes que imponen contribuciones deben recibir una interpretación razonable tendiendo a llevar a efecto el propósito y la intención del legislador. 1 F. Stat. Ann. (2d ed.) 137; 25 R. C.L. 1092, sección 307.

■ El hecho de que pudo haber sido más justo y equitativo el arbitrio, hipótesis que no aceptamos, estableciendo la diferencia abogada por la apelante, no es cuestión que deba ser resuelta por los tribunales, sino por el poder legislativo. *State* v. *Travelers' Ins. Co.*, 57 L.R.A. 481.

La circunstancia de que el impuesto se cobre al verificarse la primera venta del artículo no implica necesariamente que no sea el propósito de la ley imponer el arbitrio sobre el precio que paga el consumidor, puesto que un traficante al por mayor está en tan buenas condiciones como cualquier otro traficante al detalle para determinar de antemano el precio que corrientemente se paga en el mercado por los artículos en que él trafica, y por consiguiente puede deducir el importe del arbitrio al celebrar la primera venta.

Finalmente, el precio que se tomó por base para imponer la contribución en el presente caso fué el que la propia apelante sometió como el que corrientemente se paga en el mercado por los artículos en cuestión.

*Por lo expuesto, procede denegar la reconsideración solicitada.*

El Juez Presidente Señor Del Toro no intervino.